IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

IN RE: )
 )
AJAX INTERNATIONAL GROUP, LLC ) Case No. 13-10450
d/b/a TACO TICO )
 ) Chapter 11
          Debtor-in-possession. )
_____)

### CREDITOR ANSLEY INVESTMENT, LLC'S MOTION
### TO PROHIBIT USE OF CASH COLLATERAL

COMES NOW, Creditor Ansley Investment, LLC ("Ansley"), by and through its attorneys, Martin W. Bauer and W. Rick Griffin, and requests the Court prohibit the debtor-in-possession's use of cash collateral. In support of this Motion, Ansley states as follows:

1. Debtor-in-possession, Ajax International Group, LLC ("Ajax") filed for Chapter 11 relief on March 8, 2013. Ajax owns the Taco Tico franchise and operates several restaurants or former restaurant locations in Kansas, Oklahoma, Arkansas, and Texas.

2. As detailed in Ansley's Motion for Stay Relief and Adequate Protection and incorporated by reference for all purposes as if fully set out herein, pursuant to a transaction in connection with an asset purchase by Ajax, Ansley is Ajax's largest secured lender and its claim is secured by a first position blanket lien that includes, but is not limited to, an interest in inventory, equipment, trademarks, patents, copyrights, franchise royalties, and cash.

3. Before filing bankruptcy, Ajax's assets were seized by the Kansas Department of Revenue ("KDOR") due to the fact that Ajax owes approximately $434,000.00 in sales tax. KDOR filed tax liens on all of Ajax's assets. Upon information and belief, Ajax has also failed to earmark or pay the withholding tax due related to employees.

4. Since filing for bankruptcy, Ajax negotiated an arrangement with KDOR to continue operation of its businesses in Kansas, without consulting Ansley. Under this

arrangement, cash collateral will be used by Ajax in operation of its businesses, which will include the use of cash, revenue from trademark use, royalties, and proceeds from inventory.

5. Ajax is operating numerous locations with most operated under the trademark "Taco Tico." The Debtor's equipment and any inventory is Ansley's collateral, whether at locations leased from Ansley or leased from third parties.

6. Ajax has proposed to reopen certain selected stores. It has also entered an Agreed Order granting adequate protection to KDOR. KDOR's claims are related to the prepetition debt, but KDOR has acknowledged to Ansley's counsel that KDOR's lien is subordinate to a perfected lien such as Ansley's lien. The Agreed Order, however, states that a flat $5000 per week will protect KDOR's prepetition lien. This amount is not tied to sales. Ansley will not object to the extent the Order is modified and limited to the post-petition accrual and collection of the sales tax due KDOR. However, as stated, the Order contemplates payment of a junior creditor from the proceeds of Ansley's perfected first-priority lien in violation of section 363(a) of the Bankruptcy Code. Ansley hereby requests, pursuant to Rule 9024 of the Federal Rules of Bankruptcy Procedure, for relief from the Agreed Order consistent with this Motion.

7. Ansley contends that any revenue generated by Ajax's use of the Taco Tico trademark or use of Ansley's collateral of inventory or equipment that constitutes cash collateral cannot and should not be used without Ansley's consent or a specific court order protecting Ansley and the value of the collateral.

7. The debtor-in-possession does not have the authority to use cash collateral pursuant to 11 U.S.C. § 363(c)(2) absent the consent of Ansley or an order of this Court. Ansley has never provided authorization to use cash collateral. Ansley is entitled to an Order from the

Court that the debtor-in-possession is prohibited from using Ansley's cash collateral absent the express consent of Ansley or further Order of this Court.

WHEREFORE, Ansley Investment, LLC, requests that the Court enter an Order prohibiting the debtor-in-possession from using Ansley's cash collateral effective immediately, absent the express consent of Ansley or further Order of this Court, and for any further relief the Court deems appropriate.

Respectfully submitted,

MARTIN, PRINGLE, OLIVER,
    WALLACE & BAUER, L.L.P.

By:   s/ Martin W. Bauer
    Martin W. Bauer, #08629
    W. Rick Griffin, #21629
    100 N. Broadway, Suite 500
    Wichita, KS 67202
    Telephone: (316) 265-9311
    Facsimile: (316) 265-2955
    mwbauer@martinpringle.com
    wrgriffin@martinpringle.com
    **Co-Counsel for Ansley Investment, LLC**

Associated with:

FROST BROWN TODD, LLC
Edward M. King
Kentucky State Bar No. 86928
tking@fbtlaw.com
400 West Market Street, Suite 3200
Louisville, KY 40202-3363
Telephone: 502.589.5400
Facsimile: 502.581.1087
**Co-Counsel for Ansley Investment, LLC**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing was served electronically per court records on March 21, 2013, to all those set to receive notice pursuant to CM/ECF.

s/ Martin W. Bauer